**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-78M**

**GERALD HAWKINS,
DENIECE HAWKINS, AND
JUSTIN HAWKINS**                                                                                   **PLAINTIFFS**

**v.**

**ALLSTATE INSURANCE COMPANY**                                                **DEFENDANT/
                                                                                                           COUNTER-CLAIMANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment filed by Allstate Insurance Company ("Allstate"). [DN 40]. Plaintiffs Gerald, Deniece, and Justin Hawkins, claim they are entitled to benefits from a policy Allstate provided on their home and its contents which were destroyed by a fire. Having been fully briefed, the matter is ripe for decision and for the following reasons, Defendant's motion is **GRANTED**.

### I. BACKGROUND

This litigation arose from a fire at the home of Gerald and Deniece Hawkins on June 22, 2003 in Butler County, Kentucky. At the time of the fire, Gerald and Deniece Hawkins were returning from an archery convention in Louisville, KY. Their adult son, Justin Hawkins, also lived in the home. Allstate issued an insurance policy covering the home and its contents, Policy Number 090367091, which went into effect January 24, 2002. Gerald and Deniece were named insureds under the policy. Furthermore, according to the terms of the

policy, all resident relatives are "insured persons." Gerald, Deniece, and Justin Hawkins all claimed losses from the fire.

Based upon an investigation revealing that the fire had been deliberately set, Allstate denied the Hawkins' claims. Allstate informed Gerald and Deniece Hawkins that it believed they and/or Justin were involved in the fire. Allstate cited provisions of the policy excluding coverage for intentional or criminal acts, on concealed or misrepresented material facts by insured persons.

A criminal action was brought against all three of the Plaintiffs in Butler Circuit Court. Before the trial concluded, Justin Hawkins pled guilty to setting the fire that destroyed the Hawkins' home. A mistrial was declared in the trial of Gerald and Deniece Hawkins.

This litigation was held in abeyance pending the outcome of the criminal trials in Butler County. The Hawkins' original complaint alleged a breach of contract for Allstate's failure to indemnify the losses attributed to the fire. Justin Hawkins' claim for $21,500 in personal belongings was later added. Allstate counter-claimed for all amounts paid to the Hawkins' prior to learning through their investigation of Justin Hawkins' arson. Now that Justin Hawkins has admitted to arson in the criminal matter, Allstate moves for summary judgment in this action.

## II. LEGAL STANDARD

The summary judgment standard requires that the Court find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine

issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

### III. DISCUSSION

Plaintiffs acknowledge in their response that any claim Justin Hawkins may have against Allstate is unsustainable. They contend, however, that Justin Hawkins' actions do not entitle Allstate to judgment as a matter of law. Plaintiffs argue that Justin can not be an insured under the policy because he had no insurable interest in the property. Next, Plaintiffs argue Kentucky law protects innocent co-insured parties. Am. Hardware Mut. Ins. Co. v. Mitchell, 870 S.W.2d 783 (Ky. 1993). Finally, Plaintiffs maintain that Allstate is not entitled to reimbursement of the payments to the mortgage holder because the debt has not yet been discharged, citing the standard for equitable subrogation. Ky. Hosp. Ass'n Trust v. Chicago Ins. Co., 978 S.W.2d 754 (Ky. App. 1998).

Two of Plaintiff's arguments are easily rejected. First, Allstate's claim for subrogation for amounts it paid to Morgantown Bank on the Hawkins' mortgage is a contractual subrogation claim, not an equitable one. Second, Plaintiffs' argument that KRS 304.14-060 prevents Justin Hawkins from being considered an "insured" under the terms of

the policy is incorrect. KRS 304.14-060 only prevents a named insured from recovering more than the value of his insurable interest.

However, Plaintiffs' claim that Kentucky law protects innocent co-insureds is not so clear. The issue decided in Am. Hardware Mut. Ins. Co. v. Mitchell, was whether the obligations of co-insureds are joint and several. In that case, which involved a husband and wife as co-insureds, the Kentucky Supreme Court held that where an insurance policy covers the interests of more than one insured, the interests of each insured shall be considered separately. An innocent insured shall not be denied coverage simply because of the wrongful conduct of a co-insured.

Allstate, however, argues that their policy is specifically written so that the interests of co-insureds are not to be considered separately. Allstate points out that the Kentucky Supreme Courts recognized that insurance companies could write their polices in this fashion when it stated, "Since insurance policies are contracts of adhesion and interpreted most strongly against the party preparing same, the policy could have been written to negate the collection of insurance by a co-insured." Id. at 785.

The policy in Am. Hardware Mut. Ins. Co. v. Mitchell, did not specifically provide that the interests and obligations of co-insureds were to be considered joint. The Kentucky Supreme Court therefore, was faced with a situation which the precise terms of the policy did not address. However, in this case, the specific policy provisions provide that joint obligations are imposed upon all insured persons meaning that the acts of one insured person are binding upon another.

The Kentucky Supreme Court did not declare such policy provisions to be against public policy. Therefore, construing the terms of the policy, Justin Hawkins is an insured. Furthermore, according to the policy provisions, his actions are attributed to Gerald and Deniece Hawkins. Thus, coverage is excluded under the policy and Allstate is entitled to summary judgment on Gerald and Deniece Hawkins' claims.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion for summary judgment filed by Defendants [DN 40] is **GRANTED.**

cc: Counsel of Record

U:\documents\Hawkins\104cv78SJOpn3